IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARLENE SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-62 (MTT) ) |
| HOUSTON COUNTY SHERIFF'S OFFICE, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

### ORDER

This matter is before the Court on the Plaintiff's motion to appoint counsel. (Doc. 23). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citation omitted); *see also Hunter v. Dept. of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (stating that decision is within discretion of district court). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174. In exercising its discretion regarding whether to appoint counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Here, the Plaintiff seeks the appointment of counsel because her representation requests after the withdrawal of her former counsel have been unsuccessful. However, appointment of counsel is unwarranted because the claims are neither factually nor

legally complex.  *See Wahl*, 773 F.2d at 1174 (finding that exceptional circumstances were not established where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel).  Accordingly, because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the motion is **DENIED**.

In light of the Plaintiff's difficulty obtaining new counsel, however, the Defendants have consented to the extension of discovery.  Accordingly, discovery is to be completed by **September 3, 2013**.  Dispositive and Daubert motions are due by **October 3, 2013**.

**SO ORDERED,** this 3rd day of July, 2013.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT